UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                                      Case No. 17-18864-PGH

AA FLORIDA BRIDAL RETAIL                                    Chapter 7
Company, LLC, *et al.*[1],                                  (Jointly Administered)

                    Debtor.
_____/

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER (I) LIMITING
NOTICE AND (II) ESTABLISHING NOTICING PROCEDURES**

**EMERGENCY HEARING REQUESTED FOR JULY 20, 2017 AT 9:30 A.M.**

**Statement of Exigent Circumstances**

The Chapter 7 Trustee submits that a hearing on this Motion is necessary on an emergency basis to avoid irreparable harm to the Debtors' estate arising from the default noticing mandates detailed in Rule 2002. The Estates currently lack any liquidity for administrative expenses and the Debtors contain a potential substantial universe of potential customer claims. If the relief requested herein is not granted on an emergency basis, the Trustee will be unable to effectuate expedited notice while avoiding substantial administrative claims associated with 2002 notice requirements.

Margaret J. Smith, the Chapter 7 Trustee (the "Trustee"), for the bankruptcy estates of AA

Florida Bridal Retail Company, LLC ("Alfred Angelo") and Alfred Angelo – The Bride's Studio

---

[1] The Debtors are: Alfred Angelo – The Bride's Studio No. 3, Inc. – EIN No. 2083 (Case No. 17-18871); AA Bridal, LLC – EIN No. 5860 (Case No. 17-18877); AA Bridal Northeast, LLC – EIN No. 9005 (Case No. 17-18874); AA Bridal Midwest, LLC – EIN No. 8939 (Case No. 17-18873); AA Bridal Nebraska, LLC – EIN No. 0899 (Case No. 17-18883); Alfred Angelo Newco, Inc. – EIN No. 4583 (Case No. 17-18900); Alfred Angelo (Australia) Pty, Ltd. (Case No. 17-18884); Alfred Angelo Canada ULC (Case No. 17-18886); Alfred Angelo Investment China I (Case No. 17-18887); Alfred Angelo Investment China III (Case No. 17-18888); Alfred Angelo Investment Company, Limited (Hong Kong) (Case No. 17-18898); BridesMart, LP – EIN No. 6054 (Case No. 17-18879); DJ Fashions, LLC - EIN No. 0070 (Case No. 17-18882); Hacienda Brides – EIN No. 1758 (Case No. 17-18881); PF International, Inc. – EIN No. 1509 (Case No. 17-18891); Piccione Fashions Ltd. (Case No. 17-18892); Piccione Fashions UK LTD (Case No. 17-18894); and Zhuhai Haiping Wedding DRESS Design LTD (Case No. 17-18896).

No. 3, Inc.; AA Bridal, LLC; AA Bridal Northeast, LLC; AA Bridal Midwest, LLC; AA Bridal Nebraska, LLC; Alfred Angelo Newco, Inc.; Alfred Angelo (Australia) Pty, Ltd.; Alfred Angelo Canada ULC; Alfred Angelo Investment China I; Alfred Angelo Investment China III; Alfred Angelo Investment Company, Limited (Hong Kong); BridesMart, LP; DJ Fashions, LLC; Hacienda Brides; PF International, Inc.; Piccione Fashions Ltd.; Piccione Fashions UK LTD; and Zhuhai Haiping Wedding DRESS Design LTD (collectively, the "Affiliated Debtors") hereby moves this Court (the "Motion"), pursuant to 11 U.S.C. § 105(a), as complemented by Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order (i) limiting the form and manner of notice to persons and entities to whom notice of certain matters be provided, and (ii) approving the form of notice to be provided to all creditors, investors and parties in interest upon approval of this Motion, notifying such parties of the implementation of certain noticing procedures.   In support of the Motion, the Trustee respectfully represents:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicate for the relief sought herein is section 105(a) of the Bankruptcy Code, as complemented by Bankruptcy Rules 2002(m) and 9007.

## BACKGROUND

1.      On July 14, 2017 (the "Petition Date"), Alfred Angelo and the Affiliated Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2.      Margaret J. Smith is the duly appointed Chapter 7 Trustee of Alfred Angelo and the Affiliated Debtors' bankruptcy estates (jointly, the "Debtors").

3.      All of the Debtors are affiliates as such term is defined under 11 U.S.C. Section 101(2) and several creditors allege secured claims against all of the Debtors' assets including, *inter alia*: (i) FSJC V, LLC ("FSJC"); and (ii) Financial Transaction Services, LLC ("FTC"). Accordingly, the Trustee has sought that the Court jointly administer all nineteen cases under a single docket using the Alfred Angelo docket (the "Bankruptcy Case")

4.      As of this date, the Debtors have not filed their Schedules or Statement of Financial Affairs so the Trustee does not yet have a complete picture of the Debtors' assets and liabilities.

5.      Prior to the Petition Date, the Debtors operated as a wholesaler and retailer selling bridal dresses, bridal party dresses and related accessories (collectively "Inventory") through multiple retail store locations and wholesale operations.

6.      The Debtors' business operations spanned over 60 retail stores in multiple jurisdictions throughout the United States, as well as various wholesale operations in Europe and Australia.

7.      On the retail side of the business, customers typically placed significant deposits that ranged from 50% to 80% of the retail price of the product to purchase Inventory through credit card transactions with the balance of the payment due when the Inventory was delivered and fitted through alterations, if necessary.

8.      The Trustee is still investigating the financial affairs of the Debtors, but it appears that the Debtors utilized manufacturing facilities in China which would manufacture the Inventory and then ship the Inventory through the Debtors' shipping and storage agents either to the United States, Europe or Australia and then for retail purposes, such Inventory would be delivered to

various retail store locations where the Inventory was purchased for ultimate delivery to the customer.

9.      Immediately prior to the Petition Date, the Debtors terminated each and every employee, but apparently insured that every employee was paid outstanding wages up to the date of termination.  Thus, the Debtor no longer has employees to assist with the Debtors' business operations.

10.      The Trustee understands that prior to the Petition Date there remain thousands of unfulfilled orders wherein Debtors' customers had purchased Inventory and placed significant deposits in advance of delivery of the Inventory when the balance of the purchase price was to be paid.

12.      Upon information and belief, the Debtors' estates currently lack the liquidity to retain a claims and noticing agent to process service to a universe of potentially a few thousand interested parties.

13.      The Trustee has obtained possession and control of the Debtors' primary website – www.alfredangelo.com- and through the relief requested in this Motion requests the Court's authority to notice interested parties that do not receive notice through the cm/ecf system by publishing all documents filed and served in this Case on the Debtors' existing website.

14.      In addition, the United States Trustee has scheduled the first meeting of creditors pursuant to 11 U.S.C. § 341 (the "341 Meeting") for August 28, 2017, at 1:00 p.m. (E.T.).  At the 341 Meeting, counsel for the Trustee will circulate a sign-in list to all creditors, investors and parties in interest, requesting that all persons in attendance provide the Trustee with an electronic mail address for service of pleadings and notices in the Bankruptcy Case.

## STANDARD FOR LIMITING NOTICE IN THE BANKRUPTCY CASE

15.     Bankruptcy Rule 9007 authorizes the Court to regulate notice procedures.   In addition, the Court has the power to limit the number of persons required to be given notice for certain matters pursuant to Bankruptcy Rule 2002(m), which provides that, "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. Proc. 2002(m).

## REASONS FOR LIMITING NOTICE IN THE BANKRUPTCY CASE

16.     There are potentially thousands of creditors in the Bankruptcy Case, including trade creditors, vendors, landlords and former customers of the Debtors.  To require the Trustee to provide notice of all pleadings and other papers to these parties in interest would be extremely burdensome and costly to the Debtors' estates, as a result of photocopying and postage expenses as well as other expenses associated with such large mailings.  The Trustee, therefore, seeks to establish streamlined notice procedures that will limit the administrative costs of this chapter 7 case, while still providing effective notice to parties in interest.

17.     In order to provide effective notice in the Bankruptcy Case, the Trustee proposes to provide *creditors, investors and parties in interest* with an initial notice by publication on the Debtors' website informing said parties that all filings in the Bankruptcy Case will be posted on the Debtors' website and available for downloading and printing within forty-eight (48) hours of filing in the Bankruptcy Case.

18.     In order to reduce the administrative costs of the Debtors' estates going forward, the Trustee proposes an electronic procedure for all notices, which shall include at least one of the following:

(a) Noticing through the Court's CM/ECF system for all creditors and parties in interest who file a notice of appearance;

(b) Noticing by electronic mail to any creditor, investor or party in interest who provides such information to the Trustee or her counsel and requests for electronic notice in writing; or

(c) Publication of all filings in this Bankruptcy Case on the Debtors' website. (collectively, the "Noticing Procedures").

## RELIEF REQUESTED

19.    The Trustee proposes to serve all motions, notices and other requests only pursuant to the Noticing Procedures and have the Court deem that service under the Noticing Procedures to be sufficient notice in the Bankruptcy Case.

20.    The Trustee believes the proposed Noticing Procedures are fair and reasonable under the circumstances and in the best interest of the Debtors' estates and their creditors.

21.    This Motion is without prejudice to the rights of any party in interest, for cause shown, to request different notice procedures with respect to any particular entity or matter.

22.    No previous request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, Margaret J. Smith, the Chapter 7 Trustee (the "Trustee), respectfully requests the entry of an order (i) limiting the form and manner of notice to persons and entities to whom notice of certain matters be provided, (ii) approving the Noticing Procedures detailed herein, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: July 19, 2017                     Respectfully submitted,

                                           /s/ *Eyal Berg*er
                                         Eyal Berger, Esq.
                                         Florida Bar Number:  0011069
                                         AKERMAN LLP
                                         Las Olas Centre II, Suite 1600
                                         350 East Las Olas Boulevard
                                         Fort Lauderdale, FL  33301-2999
                                         Phone:  (954) 463-2700/Fax:  (954) 463-2224
                                         Email:  eyal.berger@akerman.com

                                         *Proposed Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

   **I HEREBY CERTIFY** that on July 19, 2017, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being

served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those

parties registered to receive electronic notices of filing in this case as listed in the attached service

list.

                                           /s/ *Eyal Berg*er
                                         Eyal Berger, Esq.

42338004;3
                                        - 7 -

<u>**SERVICE LIST**</u>

**17-18864-PGH Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Trustee Margaret J. Smith
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Ronald E Gold on behalf of Creditor Washington Prime Group Inc.
rgold@fbtlaw.com

David B Marks on behalf of Trustee Margaret J. Smith
brett.marks@akerman.com, charlene.cerda@akerman.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Patricia A Redmond on behalf of Debtor AA Florida Bridal Retail Company, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

James N Robinson on behalf of Creditor CardConnect, LLC
jrobinson@whitecase.com, jjordan@whitecase.com;avenes@whitecase.com

Margaret J. Smith
msmith@mjstrustee.com, FL32@ecfcbis.com;msams@mjstrustee.com;mjs@trustesolutions.net

Charles M Tatelbaum on behalf of Creditor Czech Asset Management, LP
cmt@trippscott.com, iah@trippscott.com;cvp@trippscott.com