## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

IN RE:

AA FLORIDA BRIDAL RETAIL
COMPANY, LLC, *et al.*,

Debtors.

_____/

Case No. 17-18864-PGH
Chapter 7

(Jointly Administered)

**TRUSTEE'S EXPEDITED MOTION TO (I) RETAIN AND PAY AUCTIONEER, (II) SELL CERTAIN PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (III) APPROVE PAYMENT OF CARVE-OUT FOR FEES AND EXPENSES OF THE TRUSTEE AND PROFESSIONALS RETAINED BY TRUSTEE, AND (IV) GRANT SUPER- PRIORITY ADMINISTRATIVE CLAIM TO SECURED CREDITOR IN AMOUNT OF CARVE-OUT**

**(Hearing Requested for August 14, 2017 at 1:30 p.m.)[1]**

Margaret J. Smith, the Chapter 7 Trustee (the "**Trustee**"), for the bankruptcy estates of AA Florida Bridal Retail Company, LLC ("**Alfred Angelo**") and Alfred Angelo – The Bride's Studio No. 3, Inc.; AA Bridal, LLC; AA Bridal Northeast, LLC; AA Bridal Midwest, LLC; AA Bridal Nebraska, LLC; Alfred Angelo Newco, Inc.; Alfred Angelo Investment China I; Alfred Angelo Investment China III; Alfred Angelo Investment Company, Limited (Hong Kong); BridesMart, LP; DJ Fashions, LLC; Hacienda Brides; and Zhuhai Haiping Wedding DRESS Design LTD (collectively, the "**Affiliated Debtors**"), by and through undersigned counsel, hereby submits this motion (this "**Motion**") for the entry of an Order in the form attached hereto as **Exhibit A**, pursuant to 11 U.S.C. §§ 105(a), 327, 328, 363, 364, 506(c), 507(a)(2), 507(b), and 726(a)(1), Federal Rules of Bankruptcy Procedure 2002, 4001, 6004, 6005 and 9014, and Local Rules 2002-1, 2014-1, 2016-1, 6004-1, 6005-1, and 9014-1 for authority to (i) retain and

---

[1] There are currently multiple motions scheduled to be heard by the Court on its August 14th calendar. Accordingly, the Trustee asserts that hearing this Motion on the August 14th calendar will preserve judicial economy and avoid additional administrative expense.

pay an auctioneer, (ii) sell certain property of the Debtors' estates by auction, free and clear of all liens, claims, and encumbrances, (iii) approve payment of carve-out for fees and expenses of Trustee and professionals retained by Trustee as described herein (the "**Carve-Out**"), and (iv) grant secured creditor Financial Transaction Services, LLC d/b/a CardConnect ("**CardConnect**") a super-priority administrative claim in the amount of Carve-Out plus the reasonable and documented expenses of the Auctioneer (the "**Auctioneer Expenses**" and together with the Carve-Out, the "**CardConnect Claim**").    In support of this Motion, the Trustee states:

## JURISDICTION AND VENUE

1.        The United States Bankruptcy Court for the Southern District of Florida (West Palm Beach Division) (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The statutory predicates for the relief requested herein are sections 105(a), 327, 328, 363, 364, 506(c), 507(a)(2), 507(b) and 726(a)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Federal Rules of Bankruptcy Procedure 2002, 4001, 6004 and 9014, and Local Rules 2002-1, 2014-1, 2016-1, 6004-1, 6005-1, and 9014-1.

## BACKGROUND

4.        On July 14, 2017, Alfred Angelo filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "**Petition Date**").

5.        On the same date, the Affiliated Debtors each filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

42427791;9

6.     Margaret J. Smith is the duly appointed Chapter 7 Trustee of Alfred Angelo and the Affiliated Debtors' bankruptcy estates (jointly, the "**Debtors**").  All of the Debtors are affiliates as such term is defined under 11 U.S.C. § 101(2).

7.     Valuable Personal Property (as defined below)—the retail value of which exceeds a few hundred thousand dollars—is currently located at the Debtors' warehouse location in Deerfield Beach, FL (the "**Premises**"), or will be moved to the Premises by August 13, 2017, and the Trustee intends to sell the Personal Property for the benefit of the bankruptcy estates.

## RELIEF REQUESTED

8.     Through this Motion, the Trustee respectfully request authority to (i) retain and pay Auction America, Inc. (the "**Auctioneer**") as auctioneer for the bankruptcy estates pursuant to the Auction Agreement attached hereto as **Exhibit B** (the "**Auction Agreement**"),[2] pursuant to 11 U.S.C. §§ 327 and 328, and (ii) sell by auction all bridal gown inventory and any related, items, miscellaneous fixtures, furniture and equipment, and any vehicles located at the Premises (collectively, the "**Personal Property**"), free and clear of all liens, claims, and encumbrances, pursuant to 11 U.S.C. § 363.[3]

---

[2] A copy of the fully-executed agreement will be filed prior to the August 14, 2017 hearing.

[3] To the extent any of the Personal Property contains any proprietary and/or confidential information, including, for the avoidance of doubt, documents and records that CardConnect wishes to retain and/or duplicate that will facilitate the Debtors and CardConnect minimizing claims against the Debtors' estates and/or CardConnect, respectively, the Chapter 7 Trustee will utilize best efforts to keep such information confidential, and will work in good faith with CardConnect to ensure that such information is preserved and that the proprietary and/or confidentiality of such information is not in any way compromised by the sale efforts.

42427791;9

A.    <u>**Employment and Payment of the Auctioneer**</u>

9.    The Trustee proposes to retain and pay the Auctioneer pursuant to the terms of the Auction Agreement, and to have the Auctioneer sell the Personal Property by auction.

10.    The Trustee selected the Auctioneer after consideration of other possible auctioneers, because the Auctioneer has an impressive reputation, a history of high-quality performance, and a competitive compensation structure.  In the Trustee's judgment, retention of the Auctioneer is in the best interest of the estates.

11.    The Auctioneer proposes to conduct a public auction of the referenced assets at one auction event on Saturday, September 2, 2017 at 9:00 a.m., after implementing a marketing campaign with high impact advertising.   The Personal Property will be sold in "As Is/Where Is" condition and with all faults, with no warrantees expressed or implied.

12.    With respect to payment of the Auctioneer's commission, the Auctioneer utilizes a technique known as the buyer's premium. The Auctioneer will add a 10% buyer's premium to each final bid price.  This buyer's premium is payable to the Auctioneer within 10 days after conclusion of the auction and will be deducted from the total auction proceeds.  In addition, the Auctioneer's reasonable and documented expenses will be paid from the total auction proceeds, up to $18,000.[4]  *See* Ex. B.

13.    Section 327 of the Bankruptcy Code provides, in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

---

[4] The Trustee and the Auctioneer reserve the right to seek approval for payment of reasonable and documented expenses specifically related to conducting the auction exceeding $18,000, if necessary.  Notwithstanding anything to the contrary provided herein, to the extent that that the Court approves any such reasonable and documented expenses in excess of $18,000 (if applicable), the CardConnect Claim shall increase accordingly on a dollar-for-dollar basis with respect to such excess.

4

42427791;9

*See* 11 U.S.C. § 327(a).  Furthermore, pursuant to section 328(a) of the Bankruptcy Code, the Trustee, "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

14.    Employment of the Auctioneer is necessary to assist the Trustee in liquidating the Personal Property for the benefit of these estates.  If the Personal Property is not sold as soon as possible, rent will continue to accrue on the warehouse space and the Personal Property will depreciate in value.  The Trustee believes the Auctioneer is duly-qualified to, and will, facilitate an expeditious, profitable sale of the Personal Property for the benefit of the Debtors' estates.

15.    The Auctioneer does not hold or represent an interest adverse to these estates, and is disinterested as that term is defined by 11 U.S.C. § 101(14).  An Affidavit of the Auctioneer is attached hereto and incorporated herein as **Exhibit C**.

16.    Auctioneer is licensed and bonded as an auctioneer and is authorized to conduct auctions in the State of Florida pursuant to § 468.381, Fla. Stat., *et seq.* and Local Rule 6005-1(B) and is covered by the Florida Auctioneer Recovery Fund as required by § 468.392, Fla. Stat.  As demonstrated in the affidavit, Auctioneer shall post a bond in the amount of $300,000, which exceeds the expected auction revenues.  The bond will be in favor of the United States of America and the original bond will be forwarded to the Office of the United States Trustee.  True copies of the appropriate licenses are attached to the Affidavit of Auctioneer and the bond will be filed with the Court when it becomes available.

17.    Accordingly, the Trustee respectfully requests authority to (i) employ the Auctioneer pursuant to the terms of the Auction Agreement, and (ii) compensate the Auctioneer

42427791;9

in accordance with the terms of the Auction Agreement, subject to the provisions of 11 U.S.C. §§ 327 and 328 and appropriate Court approval.

18.     Trustee will serve copies of the Order granting this motion together with the sale notice required by Bankruptcy Rule 6004 and Bankruptcy Rule 2002(a)(2) and (c)(1) Bankruptcy Rule and Local Rule 6005-1(E).

19.     Upon completion of the auction, the Auctioneer will file with the Court a report summarizing the results of the auction and stating the fees and expenses which will be paid to Auctioneer in accordance with the Order approving the retention.  The report shall be served only on the U.S. Trustee, the Trustee and any other interested party who specifically requests a copy.  The fees and expenses will be paid without the necessity of further notice or hearing unless any party in interest files an objection within 14 days from the filing of the report with the Court and service of the report on the above parties.

**B.**     **Sale of Personal Property Free and Clear of All Liens, Claims, and Encumbrances**

20.     Trustee believes that the highest and best value for the Personal Property will be generated via an auction and that an auction is in the best interest of the estates.

21.     The Trustee intends to sell the Personal Property by auction, free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f).

22.     Section 363 of the Bankruptcy Code provides in relevant part that a trustee may sell property of the estate free and clear of the interest of any entity if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*See* 11 U.S.C. § 363(f).

23.     The claims of FSJC V, LLC ("**FSJC V**") are purportedly secured by liens on the Personal Property.  However, to the extent FSJC V is secured by such liens, which for the avoidance of doubt, may be disputed by the Trustee and/or other interested parties, CardConnect is in a first-lien position with respect to the Personal Property,[5] is currently owed in excess of $1,000,000, with such claim growing by hundreds of thousands of dollars on a daily basis, effectively rendering the purported second priority lienholder, FSJC V, fully unsecured as to the Personal Property.

24.     Both CardConnect and FSJC V have consented to sale of the Personal Property. Accordingly, the Trustee believes relief under 11 U.S.C. § 363(f)(2) is appropriate, and request authority to sell the Personal Property by auction, free and clear of all liens, claims, and encumbrances.

**C.**     **Approval and Payment of Carve-Out**

25.     Section 506(c) of the Bankruptcy Code permits recovery from secured collateral the reasonable costs and expenses necessary to preserve or dispose of the collateral, but only to the extent that they benefit the secured creditor.   11 U.S.C. § 506(c).   CardConnect acknowledges that an orderly liquidation of the Personal Property through the proposed auction process will benefit CardConnect.  Therefore, it has consented to payment of the Carve-Out for the benefit of the Trustee and professionals retained by the Trustee in an amount equal to (and in an amount not exceeding) 50% of the net proceeds of the sale of the Personal Property, after payment of the 10% buyer's premium and the Auctioneer Expenses.

26.     Accordingly, the Trustee believes relief under section 506(c) of the Bankruptcy Code is appropriate, and requests that the Court authorize the Trustee to recover the documented

---

[5] An intercreditor agreement executed by CardConnect and FSJC V grants CardConnect a first-lien position as to the Personal Property.

42427791;9

reasonable costs and expenses necessary to preserve and dispose of the Personal Property, in the amount of the Carve-Out.

**D.      Approval and Allowance of Super-Priority Administrative Claim for CardConnect**

27.      Section 363(e) of the Bankruptcy Code provides that upon the request of an entity that has an interest in property to be used by a trustee, a court will prohibit or condition such use as is necessary to provide adequate protection of such interest.  11 U.S.C. § 363(e).

28.      Here, CardConnect has consented to the relinquishment of its first-priority security interest in the Personal Property in connection with consummation of the sale thereof.  A trustee has the burden to establish that the holder of a lien to be subordinated has adequate protection.  *See* 11 U.S.C. § 363(o)(1); *see also In re Swedeland Development, Co., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994).  Adequate protection must be determined on a case-by-case basis, permitting a debtor maximum flexibility in structuring its adequate protection proposal.  *Id.*; *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985); *In re George Ruggerie Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984).

29.      The means of providing adequate protection to secured creditors are set forth in section 361 of the Bankruptcy Code, as follows:

> (1)   requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2)   providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3)   granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

42427791;9

11 U.S.C. § 361.

30.    As noted above, as this current juncture, CardConnect's secured, first lien claim exceeds $1,000,000, an amount that the Debtors do not expect to yield from the auction.   The bankruptcy estates lack any significant cash or other unencumbered assets in order to provide CardConnect with periodic cash payments or replacement liens as required by sections 361(1) and (2) of the Bankruptcy Code.  In addition, pursuant to section 361(3), granting CardConnect an administrative claim with priority under section 503(b)(1) of the Bankruptcy Code is insufficient as adequate protection.  *See* 11 U.S.C. § 361(3); *see also In re Saypol*, 31 B.R. 796, 803 (Bankr. S.D.N.Y. 1983) ("In § 361(3) Congress expressly barred the court from affording adequate protection by awarding a secured creditor with an administrative priority claim [under section 503(b)(1)] because such protection is too uncertain to be meaningful.").

31.    Thus, the only adequate and acceptable means to provide CardConnect with adequate protection for its interest in the Personal Property is by granting CardConnect a super-priority administrative claim pursuant to 11 U.S.C. § 507(b) on assets of the Debtors' estates, including, for the avoidance of doubt, the proceeds of pending and/or future litigation commenced by or on behalf of the Debtors.

32.    Section 507(b) of the Bankruptcy Code provides that a secured creditor who is entitled to adequate protection has a first priority claim to the extent that the protection has not been adequate.  *See* 11 U.S.C. § 507(b); *see also In re Clark at Center Leasing Co., Inc.*, 991 F.2d 682 (11th Cir. 1993), *opinion amended on denial of rehearing*, 4 F.3d 940 (11th Cir. 1993). In addition, courts have permitted the use of section 507(b) claims in the absence of a court order expressly providing for adequate protection or where the parties have privately stipulated for adequate protection among themselves.  *See In re Ctr. Wholesale, Inc.*, 759 F.2d 1440 (9th Cir.

42427791;9

1985); *In re Blehm Land & Cattle Co.*, 859 F.2d 137 (10th Cir. 1988).  Here, 50% percent of the net proceeds recovered from the sale of the Personal Property is being paid to the bankruptcy estates instead of CardConnect, therefore *a fortiori* CardConnect's first priority lien on the Personal Property is inadequate.

33.     Accordingly, the Trustee believes relief under sections 361(3) and 507(b) of the Bankruptcy Code is appropriate, and requests that the Court grant CardConnect a super-priority administrative claim on all current and/or future assets of the Debtors, including, for the avoidance of doubt, proceeds of pending and/or future litigation commenced by or on behalf of the Debtors pursuant to sections 507(a)(2), 507(b) and 726(a)(1) in the amount of the CardConnect Claim, which, for the avoidance of doubt, shall have priority over any claims asserted under section 503(b)(9) with respect to the Personal Property.

## **WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)**

34.     To implement the foregoing successfully, the Trustee seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## **NOTICE**

35.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) counsel to the alleged secured creditors; (c) the IRS; and (d) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate.

10

42427791;9

Dated: August 9, 2017                         Respectfully submitted,

   /s/ *Eyal Berger*
Eyal Berger, Esq.
Florida Bar Number:  0011069
Email:  eyal.berger@akerman.com
AKERMAN LLP
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2999
Phone:  (954) 463-2700
Fax:  (954) 463-2224

and

 /s/ *Steven R. Wirth*
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
AKERMAN LLP
401 E. Jackson St., Suite 1700
Tampa, FL  33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel to the Chapter 7 Trustee*

42427791;9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 9, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case as listed in the attached service list.

_/s/ Eyal Berger_____
Attorney

## SERVICE LIST

**17-18864-PGH Notice will be electronically mailed to:**

Joaquin J Alemany on behalf of Creditor Brixmor Property Group
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Joaquin J Alemany on behalf of Creditor Federal Realty Investment Trust
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Joaquin J Alemany on behalf of Creditor WRI Retail Pool I, L.P.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Joaquin J Alemany on behalf of Creditor Weingarten Nostat, Inc.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Joaquin J Alemany on behalf of Creditor Weingarten Realty Investors
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Eyal Berger, Esq. on behalf of Trustee Margaret J. Smith
eyal.berger@akerman.com, jeanette.martinez@akerman.com

John P Dillman on behalf of Creditor Cypress-Fairbanks ISD
houston_bankruptcy@lgbs.com

John P Dillman on behalf of Creditor Harris County
houston_bankruptcy@lgbs.com

John P Dillman on behalf of Creditor Montgomery County
houston_bankruptcy@lgbs.com

12

42427791;9

Edward M Fitzgerald, Esq on behalf of Creditor Brixmor Property Group
edward.fitzgerald@hklaw.com, linda.young@hklaw.com

Ronald E Gold on behalf of Creditor Washington Prime Group Inc.
gold@fbtlaw.com

Anthony Kang on behalf of Creditor Future Fashions Inc.
akang@arnstein.com

Anthony Kang on behalf of Creditor TianYa Corporation Limited
akang@arnstein.com

David B Marks on behalf of Trustee Margaret J. Smith
brett.marks@akerman.com, charlene.cerda@akerman.com

Kevin Newman on behalf of Creditor Inland Commercial Real Estate Services, LLC
knewman@menterlaw.com, kmnbk@menterlaw.com

Rachel Obaldo on behalf of Creditor Texas Comptroller of Public Accounts
bk-robaldo@oag.texas.gov, sherri.simpson@oag.texas.gov

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Christina V Paradowski on behalf of Creditor Czech Asset Management, LP
cvp@trippscott.com, bankruptcy@trippscott.com

Patricia A Redmond on behalf of Debtor AA Bridal Midwest, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor AA Bridal Nebraska, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor AA Bridal Northeast, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor AA Bridal, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese

@akingump.com

Patricia A Redmond on behalf of Debtor AA Florida Bridal Retail Company, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Alfred Angelo (Australia) Pty, Ltd.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Alfred Angelo - The Bride's Studio, No. 3, Inc.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Alfred Angelo Canada ULC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Alfred Angelo Investment China I
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Alfred Angelo Investment China III
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Alfred Angelo Investment Company, Limited (Hong
Kong)
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Alfred Angelo Newco, Inc.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor BridesMart, LP
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese

42427791;9

@akingump.com

Patricia A Redmond on behalf of Debtor DJ Fashions, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Hacienda Brides
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor PF International, Inc.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Piccione Fashions Ltd.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Piccione Fashions UK LTD
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Debtor Zhuhai Haiping Wedding DRESS Design LTD
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party AA Bridal Midwest, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party AA Bridal Nebraska, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party AA Bridal Northeast, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party AA Bridal, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Alfred Angelo (Australia) Pty, Ltd.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Alfred Angelo - The Bride's Studio, No. 3, Inc.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Alfred Angelo Canada ULC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Alfred Angelo Investment China I
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Alfred Angelo Investment China III
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Alfred Angelo Investment Company, Limited
(Hong Kong)
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Alfred Angelo Newco, Inc.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party BridesMart, LP
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party DJ Fashions, LLC
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Hacienda Brides
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party PF International, Inc.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Piccione Fashions Ltd.
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Piccione Fashions UK LTD
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

Patricia A Redmond on behalf of Interested Party Zhuhai Haiping Wedding DRESS Design LTD
predmond@stearnsweaver.com,
jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese
@akingump.com

James N Robinson on behalf of Creditor CardConnect, LLC
jrobinson@whitecase.com, jjordan@whitecase.com;avenes@whitecase.com

Margaret J. Smith
msmith@mjstrustee.com, FL32@ecfcbis.com;msams@mjstrustee.com;mjs@trustesolutions.net

David Neal Stern on behalf of Creditor G&C Arbors Investors, LLC
dnstern@fwblaw.net, mkassower@fwblaw.net;rbyrnes@fwblaw.net

Charles M Tatelbaum on behalf of Creditor Czech Asset Management, LP
cmt@trippscott.com, iah@trippscott.com;cvp@trippscott.com

James A Timko on behalf of Interested Party Rossmore Enterprises
jtimko@shutts.com

42427791;9

Ronald M Tucker on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, cmartin@simon.com;antimm@simon.com;bankruptcy@simon.com

Angela J Wallace on behalf of Creditor Broward County
ajwallace@broward.org, swulfekuhle@broward.org

H Elizabeth Weller on behalf of Creditor City of Frisco
dallas.bankruptcy@publicans.com

H Elizabeth Weller on behalf of Creditor Dallas County
dallas.bankruptcy@publicans.com

Steven R Wirth on behalf of Trustee Margaret J. Smith
steven.wirth@akerman.com,
Corinne.bylone@akerman.com;Jennifer.meehan@akerman.com;Katherine.fackler@akerman.com

**17-18864-PGH Notice will not be electronically mailed to:**

Carol L Fox
GlassRatner
200 E. Broward Blvd, #1010
Ft. Lauderdale, FL 33301

David L Pollack, Esq on behalf of
Creditor Brixmor Property Group
1736 Market St 51 fl
Philadelphia, PA 19103

42427791;9

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE:                                                  Case No. 17-18864-PGH
                                                        Chapter 7
AA FLORIDA BRIDAL RETAIL                                (Jointly Administered)
COMPANY, LLC, *et al.*,

    Debtors.

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO (I) RETAIN AND PAY**
**AUCTIONEER, (II) SELL CERTAIN PROPERTY FREE AND CLEAR OF**
**ALL LIENS, CLAIMS, AND ENCUMBRANCES, (III) APPROVE PAYMENT**
**OF CARVE-OUT FOR FEES AND EXPENSES OF THE TRUSTEE AND**
**PROFESSIONALS RETAINED BY TRUSTEE, AND (IV) GRANT SUPER- PRIORITY**
<u>**ADMINISTRATIVE CLAIM TO SECURED CREDITOR IN AMOUNT OF CARVE-OUT**</u>

    Upon the motion (the "<u>**Motion**</u>") of the Trustee,[1] upon behalf of the bankruptcy estates

for the Debtors, seeking authority to (i) retain and pay an auctioneer pursuant to 11 U.S.C. §§ 327

and 328, Bankruptcy Rule 2014, and Local Rule 6005-1, (ii) sell certain property of the Debtors'

estates by auction, free and clear of all liens, claims, and encumbrances, (iii) approve payment of

Carve-Out for fees and expenses of the Trustee and professionals retained by Trustee, and (iv)

_____

[1] Capitalized terms used but not specifically defined herein shall have the respective meanings ascribed to
them in the Motion.

42427791;9

┌─────────────────────┐
│   **Exhibit A**     │
└─────────────────────┘

granting secured creditor super-priority administrative claim in the amount of CardConnect Claim; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief; and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors.

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Trustee is hereby authorized to retain and pay the Auctioneer on the terms set forth in the Auction Agreement, with compensation to be based upon (i) the Trustee's payment of the Auctioneer's reasonable and documented expenses, up to $18,000 (or more, upon further approval of the Court); and (ii) a buyer's premium of 10%.[2]

3.      Auctioneer is disinterested as defined in the Bankruptcy Code pursuant to the Affidavit of Auctioneer attached to the Application.  The Auctioneer and Trustee have certified that (i) Auctioneer is licensed as an auctioneer and covered by the Florida Auctioneer Recovery Fund and is authorized to conduct auctions in the State of Florida pursuant to § 468.381, Fla. Stat., *et seq.*; (ii) Auctioneer has posted a Fiduciary and Faithful Performance (Surety) Bond in the amount of $300,000, which exceeds the expected auction revenues; (iii) the bonds are issued by a surety company approved by the Department of the Treasury and in favor of the United States of America; and (iv) true copies of the license and bond were attached to the Application or filed with this Court.

_____

[2] For avoidance of doubt, the buyer's premium of 10% and the Auctioneer Expenses shall not be included in the calculation of the Carve-Out.

42427791;9

4.      The Trustee is hereby authorized to sell the Personal Property by auction, free and clear of all liens, claims, and encumbrances pursuant to 11 U.S.C. § 363(f)(3), because all entities asserting a security interest in the Personal Property have consented to the sale.

5.      Pursuant to section 506(c) of the Bankruptcy Code, this Court finds it appropriate, and hereby authorizes the Trustee to recover the reasonable costs and expenses necessary to preserve and dispose of the Personal Property, in the amount of the Carve-Out, and the Carve-Out may be used to pay the fees and costs of the Trustee and professionals retained by the Trustee.

6.      Pursuant to sections 361(3) and 507(b) of the Bankruptcy Code, the Court finds it appropriate, and hereby grants CardConnect a super-priority administrative claim in the amount of the CardConnect Claim in and upon all assets of the Debtors located in the United States, including any after-acquired property and proceeds thereof, including, for the avoidance of doubt, proceeds of pending and/or future litigation commenced by or on behalf of the Debtors pursuant to sections 507(a)(2), 507(b) and 726(a)(1) in the amount of the CardConnect Claim, which, for the avoidance of doubt, shall have priority over any claims asserted under section 503(b)(9) with respect to the Personal Property.

7.      The notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) are hereby waived, and this Order shall take effect and be fully enforceable immediately upon execution hereof.

8.      Trustee shall serve this order on the U.S. Trustee and all creditors together with service of the notice pursuant to Bankruptcy Rules 2002(a)(2), 2002(c)(1), and 6004.

9.      Upon completion of the auction, Auctioneer shall file with this Court a report summarizing the results of the auction and stating the fees and expenses which will be paid to the Auctioneer in accordance with this Order.  The report shall be served only on the U.S. Trustee, the Trustee, and any other party who specifically requests a copy.

10.      The fees and expenses of the Auctioneer may be paid without the necessity of further notice or hearing unless a party in interest files an objection within 14 days from the filing of the report with this Court and service of the report on the parties set forth above.

11.      The Court shall retain jurisdiction over any matters relating to or arising from the implementation of this Order.

#   #   #

Submitted by:

**AKERMAN, LLP**
Eyal Berger, Esq.
eyal.berger@akerman.com
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2999
Phone:  (954) 463-2700
Fax:  (954) 463-2224
*Counsel to the Chapter 7 Trustee*

*(Attorney Berger shall serve a copy of the signed order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F)).*

42427791;9

**EXHIBIT B**

**Auction Agreement**

## AUCTION AND MARKETING CONTRACT

This Auction and Marketing Contract dated July 26, 2017, is by and between:
Auction America, Inc. ("AAI") as auctioneer and Margaret Smith in her capacity as the Chapter 7 Trustee ("Trustee" and with AAI "parties") for the bankruptcy estate of AA Florida Bridal Retail Company, LLC, and the parties agree as follows:

**Scope of Services:**
Auction America, Inc. ("AAI") proposes to conduct a public auction of the referenced assets at one auction event. AAI shall provide the Trustee with asset and bidder information at any time during and after the auction. AAI shall provide to the Trustee final sales reports promptly following the auction, but no later than ten days after the auction has concluded. AAI shall provide all the necessary equipment and personnel to set up and conduct the auction with auctioneers, bid assistants, clerks and support staff. AAI shall handle everything from start to finish, including coordinating the move of the inventory, storage and security. AAI will be reimbursed for these expenses following the auction event.

**Auction Date and Location:**
The proposed auction date for the referenced assets is September 2nd, 2017, commencing at 9:00 a.m. The auction event will be conducted at the warehouse facility located at 602 S. Military Trail Building 2, Unit 692, Deerfield Beach, FL. AAI shall hold inspection on auction day commencing at 8 AM, with prior appointments available.

**Marketing Strategy:**
AAI shall conduct a marketing campaign with high impact advertising. The marketing strategy will be to promote the auction to bridal products companies, re-sellers and the general public. The auction will be exposed on a local, regional and national level. AAI will feature the auction via direct mail, newspaper ads and trade related internet sites. Additionally, AAI shall utilize media press release, advertisements, strategic signage, phone calls, email and text alerts, multiple internet sales websites and personal solicitations. Most, if not all assets will be offered on-line, allowing internet bidding. This strategy will be accomplished by hiring a bidding platform service provider.

**Auction Methodology:**
AAI will offer the bridal gown inventory and any related items at public auction selling to the highest bidder. AAI works directly with Bankruptcy Trustees on a regular basis. AAI understands the unique needs that certain cases may have such as liens, shared equity sales, lender approvals and other factors. AAI may add to this auction assets from other sources, including other bankruptcy cases, in an attempt to entice other bidders to participate in this

auction, and expand the market for these assets. Any added assets will be processed separately and will not interfere with the assets of AA Florida Bridal Retail Company, LLC.

**Auction Deposit(s):**

All bidders must register for the auction providing adequate identification with full name, address, telephone number, email address, and may be required to tender a refundable deposit in order to receive a bidder's number. This is customary at all of AAI's events. No item will be turned over to a winning bidder until and unless good and available funds are actually received by AAI.

**Auction Guarantees:**

**Everything will be sold in "As Is" condition and with all faults**, **with no warrantees expressed or implied.** The only guarantee is that the Trustee/Seller provides title free and clear of all liens or encumbrances.

**Seller's Expense:**

Trustee is obligated for the promotional costs to adequately expose the assets for auction purposes, as well as moving, storage/handling of the inventory. AAI has prepared a detailed line by line marketing campaign and expense budget for the Trustee which is attached hereto as **Schedule-1** and will provide a complete itemized expense portfolio following the auction, with copies of all invoices verifying each expense. These expenses will be invoiced at the conclusion of the auction. The expenses to be reimbursed to AAI are capped at $18,000.00 ("Capped Expenses"). If AAI seeks expenses over and above $18,000, further court approval will be necessary.

**Auction Commission:**

AAI utilizes the technique known as the buyer's premium. AAI will add a 10% buyer's premium to each final bid price. This buyer's premium is not payable to the Trustee.  Trustee will receive only the "hammer" price, or bid price. AAI asserts that this is a proven and successful method in the auction industry.

**Final Settlement:**

The buyer's premium of 10% will be deducted from the total auction proceeds.  Final settlement of the auction will take place within ten days after the conclusion of the auction, with payment to Trustee and detailed reports. The detailed reports must include (i) the number of all registered bidders and their identity, (ii) all marketing materials, (iii) an inventory of the items offered at auction, including all items not being sold by the Trustee, (iv) the gross auction proceeds total and for each item; (v) the buyers' premiums, (vi) all itemized expenses (vii) the amounts collected, (viii) identity of unsold items and any amounts not collected and (ix) any other information reasonably requested by the Trustee that he believes is necessary for reporting to the Bankruptcy Court. Expenses will be invoiced at the time of settlement and the Trustee will make payment of expenses up to the amount of the Capped Expenses within ten days. In the event there is a dispute as to the Capped Expenses between the Trustee and AAI or the expenses exceed the Capped Expenses, the Trustee shall pay the

undisputed expenses and file a motion with the Bankruptcy Court for further determination.

**To Be Sold:**                    AAI will sell the bridal gown inventory, accessories and related items located in the local south Florida locations, including racks, warehouse items, vehicles and any other asset the Trustee deems worthy of this auction process.

**Subject to Bankruptcy Court Approval:**                    This agreement is subject to approval by the Bankruptcy Court for the Bankruptcy Estate.

.

Please affix signature and date of acceptance of this Auction Proposal / Contract below:

_____          _____
STAN L. CROOKS                                        Date
Auction America, Inc.

_____          _____
MARGARET SMITH                                     Date
Bankruptcy Trustee

**SCHEDULE-1**

### ESTIMATED MARKETING AND EXPENSE SCHEDULE

| Media | Total Cost |
|---|---|
| **Miami Herald** | |
| Classified Ads | $1500.00 |
| Press Releases | N/C |
| **Sun Sentinel** | |
| Classified Ads | $1500.00 |
| Press Releases | N/C |
| **Palm Beach Post** | |
| Classified & Display Ads | $1500.00 |
| Press Releases | N/C |
| **Printing** | |
| Postcards | $1200.00 |
| **Internet Advertising** | |
| Internet Bidding Listing | |
| 2bid4stuff.com | $575.00 |
| auctionzip.com | N/C |
| National Auctioneers Assoc. | $125.00 |
| Florida Auctioneers Assoc. | N/C |
| Mass Email Notices | $150.00 |
| Facebook Marketing Groups | N/C |
| | |
| **Postage** | $500.00 |
| | |
| | |
| **Staff/ Labor** | |
| AAI staff, security staff and key people from the Alfred Angelo staff hired to help prepare for the auction | |
| | $9,500.00 |
| | |
| **ESTIMATED MARKETING & EXPENSES TOTAL** | **$16,550.00** |

The Marketing and Promotional Schedule is merely an estimate and is not intended as a term or condition of the Auction Contract, unless expressly identified as such. The above cost projections are based on current advertising rates and are subject to increase. Advertising expenses will be deducted from auction proceeds.

**EXHIBIT C**

**Affidavit of Auctioneer**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE:                                                     Case No. 17-18864-PGH
                                                          Chapter 7

AA FLORIDA BRIDAL RETAIL                    (Jointly Administered)
COMPANY, LLC, *et al.*,

      Debtors.
_____/

**<u>AFFIDAVIT OF AUCTIONEER</u>**

STATE OF FLORIDA                    )
                                    ) ss.
COUNTY OF PALM BEACH                )

     BEFORE ME, the undersigned authority, this date personally appeared Stan L. Crooks, of Auction America, Inc., who being first duly sworn under oath, deposes and states:

     1.     I am the President of Auction America, Inc. (the "**<u>Auctioneer</u>**"), and am authorized to make this declaration on behalf of the corporation in accordance with Bankruptcy Rule 2014 and Local Rule 6005-1.

     2.     The Auctioneer is a full service auction firm that sells real estate and personal property, specializing in estate and bankruptcy auctions, and its corporate office is located at 1100 Barnett Drive, Lake Worth, FL 33461.

     3.     I am a licensed auctioneer, real estate broker and federal firearms licensee and have conducted real estate, personal property and benefit auctions throughout the United States, including in the County of Palm Beach, Florida.

     4.     I am familiar with the motion filed by the Trustee for authority to (i) retain and pay an auctioneer, (ii) sell certain property of the Debtors' estates by auction, free and clear of all liens, claims, and encumbrances, (iii) approve payment of carve-out for fees and expenses of

42453688;3

professionals retained by Trustee, and (iv) granting secured creditor super-priority administrative claim in the amount of carve-out (the "**Motion**"), and I believe that I am experienced and qualified to represent the Trustee in the auctions described therein.

5.      The Auctioneer has agreed to accept employment on the terms and conditions set forth in the Application.  I believe that the commission to be paid to Auctioneer does not exceed customary commissions in the applicable geographical area.

6.      The Auctioneer will be compensated according to the terms of the Auction Agreement attached to the Motion.

7.      Neither I nor Auction America, Inc., nor any of its officers or directors have any connection to the Debtors, the Debtors' estates, the Trustee or the U.S. Trustee, and that same are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

8.      To the best of my information and belief, neither I nor the other members of the Auctioneer have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

9.      I represent no interest adverse to the Debtors or their estates in the matters upon which I am to be engaged.

10.     The Auctioneer is duly licensed as an auctioneer and is authorized to conduct auctions in the State of Florida pursuant to § 468.381, Fla. Stat., *et seq.* and Local Rule 6005-1(B).  If further auctions are to be conducted pursuant to the parties' agreement and the Court's authority, the Auctioneer will ensure that it maintains or obtains proper authorization, licensure, and bonding to conduct such further auctions.

11.     In addition to the foregoing, the Auctioneer is in the process of securing a Fiduciary and Faithful Performance (or Surety) Bond in the amount of $300,000, which is greater than the revenue expected to be generated by the auction.  The bond will be issued by a surety company approved by the Department of the Treasury and in favor of the United States of America.

12.     True copies of the applicable licenses are attached hereto.  A true copy of the applicable bond will be filed once it is issued.

13.     The Personal Property subject to this proposed auction will not be sold together with any non-bankruptcy property.

14.     I understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation as it deems appropriate.

By:     _____
        (Signature)

        STAN L CROOKS
        (Print Name)

SWORN TO AND SUBSCRIBED before me

on August 7, 2017

_____
NOTARY PUBLIC, State of Florida

My Commission Expires:



RUTH A. STURTEVANT
MY COMMISSION #FF971391
EXPIRES: MAR 16, 2020
Bonded through 1st State Insurance

42453688;3

RICK SCOTT, GOVERNOR

KEN LAWSON, SECRETARY

**STATE OF FLORIDA**
**DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION**
**FLORIDA BOARD OF AUCTIONEERS**



**LICENSE NUMBER**

AU1794

The AUCTIONEER
Named below IS LICENSED
Under the provisions of Chapter 468 FS.
Expiration date:  NOV 30, 2017

CROOKS, STAN L
1100 BARNETT DRIVE #12
LAKE WORTH      FL 33461





ISSUED:   10/29/2015          DISPLAY AS REQUIRED BY LAW          SEQ #  L1510290003370

RICK SCOTT, GOVERNOR                                          KEN LAWSON, SECRETARY

## STATE OF FLORIDA
### DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION
### FLORIDA BOARD OF AUCTIONEERS

**LICENSE NUMBER**

AB1298

The AUCTION BUSINESS
Named below IS LICENSED
Under the provisions of Chapter 468 FS.
Expiration date: NOV 30, 2017

AUCTION AMERICA, INC
6537 SOUTHERN BLVD #2
WEST PALM BEACH    FL 33413





ISSUED:   10/05/2015          DISPLAY AS REQUIRED BY LAW          SEQ #  L1510050001719