

**ORDERED in the Southern District of Florida on August 15, 2017.**

Paul G. Hyman, Jr., Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE:                                         Case No. 17-18864-PGH
                                               Chapter 7
AA FLORIDA BRIDAL RETAIL                       (Jointly Administered)
COMPANY, LLC, *et al.*,

    Debtors.
_____/

### ORDER GRANTING EXPEDITED MOTION FOR ORDER APPROVING ABANDONMENT OF CERTAIN PERSONAL PROPERTY LOCATED ON LEASED NON-RESIDENTIAL REAL PROPERTY REJECTED BY THE TRUSTEE [ECF NO. 80]

**THIS CAUSE**, having come before the Court for hearing on August 14, 2017 at 1:30

p.m. upon the motion (the "**Motion**") of the Trustee,[1] upon behalf of the bankruptcy estates for

the Debtors, seeking authority to abandon certain personal property located on leased non-

residential real property rejected by the Trustee (ECF No. 80); and it appearing that this Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this proceeding

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that venue of this proceeding and this

Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

[1] Capitalized terms used but not specifically defined herein shall have the respective meanings ascribed to them in the Motion.

notice of the Motion having been given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief; and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors; and the Court having determined that the Abandoned Property is of inconsequential value and burdensome to the bankruptcy estates, and the Court having reviewed the Motion and the record, and having heard proffers and oral argument of counsel at the hearing; and for the reasons stated by the Court at the hearing,

**IT IS HEREBY ORDERED** that:

1.      The Motion is **GRANTED**.[2]

2.      Subject to the provisos in paragraph 5 hereof, the Trustee is hereby authorized to abandon the Abandoned Property located at the retail locations identified on **Exhibit B** to the Motion pursuant to 11 U.S.C. § 554, free and clear of any and all liens, claims, encumbrances and interests.

3.      Subject to the provisos in paragraph 5 hereof, any landlord under the applicable leases or designee thereof ("**Landlord**"), is hereby authorized to dispose of the Abandoned Property in their sole and absolute discretion on or after the lease rejection effective date without further notice or liability to the respective Landlord, the Trustee, the estates, or any third party.

4.      All rights, if any, of Landlords to file claims for the costs of disposal of the Abandoned Property pursuant to this Order are fully reserved, as are the rights of all parties in interest to object to such claims.

5.      Notwithstanding the entry of this Order, the Estates shall remain solely responsible for providing all required notices and for the administration of any claims of any

---

[2] Provided, however, the relief set forth herein is subject to the Court's ruling on the *Debtors' [Emergency] Motion for Court Intervention with Regard to Store 70, Springfield, VA, in Furtherance of Prior Orders* [ECF 129], which the Debtors' have requested to be heard on August 16 or August 17, 2017.

customers, vendors or other parties-in-interest who may claim an interest in and to the Abandoned Property and the Landlords shall have no responsibility or obligation of any kind whatsoever to any customer, vendor, or other party-in-interest; *provided, however*, that the Landlords shall provide reasonable access to the premises to allow lessors of personal property located therein (*e.g.*, point of sale terminals, *etc.*) to retrieve any such property within five (5) business days after entry of this Order; *provided, further*, that any personal property of lessors remaining at the leased premises after five (5) business days after entry of this Order will be deemed Abandoned Property pursuant to the terms of this Order; *provided, further,* that IA Boynton Beach Congress, L.L.C., the landlord of the property located at 333-339 N. Congress Avenue, Boynton Beach, FL 33426 (Boynton Commons Shopping Center), shall provide the Trustee or any designee thereof with reasonable access to the Boynton Beach premises to retrieve any inventory and other personal property located therein within ten (10) business days after entry of this Order; *provided, further*, that any party removing any such property shall be liable for any damages to the leased premises and lessors of personal property and their affiliated entities and any related entity or person, including, but not limited to, their agents and employees, agree to hold the Landlords harmless and waive any and all liability, claims, causes of actions, damages, and other form of relief, legal or equitable, that could be asserted relating to any party's access to the leased premises to retrieve such property and removal of such property from the leased premises.

6.     The notice requirements under Bankruptcy Rule 6007 and the fourteen-day stay of an order authorizing the abandonment of property thereunder are hereby waived, and this Order shall take effect and be fully enforceable immediately upon execution hereof.

42601870;6

7.      The Court shall retain jurisdiction over any matters relating to or arising from the implementation of this Order.

#   #   #

Submitted by:

**AKERMAN, LLP**
Eyal Berger, Esq.
eyal.berger@akerman.com
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL  33301-2999
Phone:  (954) 463-2700
Fax:  (954) 463-2224
*Counsel to the Chapter 7 Trustee*

*(Attorney Berger shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

42601870;6