

**ORDERED in the Southern District of Florida on August 15, 2017.**

Paul G. Hyman, Jr., Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| IN RE: | Case No. 17-18864-PGH |
| | Chapter 7 |
| AA FLORIDA BRIDAL RETAIL | (Jointly Administered) |
| COMPANY, LLC, *et al.*, | |
| Debtors. | |
| _____/ | |

### ORDER (I) GRANTING DEBTORS' OMNIBUS MOTION TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO PETITION DATE AND (II) SETTING CLAIMS BAR DATE FOR REJECTION DAMAGE CLAIMS [ECF NO. 52]

**THIS CAUSE**, having come before the Court for hearing on August 14, 2017 at 1:30 p.m. upon the motion (the "**Motion**") of the Trustee[1] for the entry of an order approving the Trustee's rejection of the one corporate and 63 retail Leases included on **Exhibit C** attached to the Motion (ECF No. 52); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] Capitalized terms used but not specifically defined herein shall have the respective meanings ascribed to them in the Motion.

given; and after due deliberation and it appearing that sufficient cause exists for granting the requested relief; and that the relief requested under the Motion is in the best interests of the Debtors' estates and creditors; and the Court being advised of the certain agreements described at the hearing and memorialized herein; and that proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary.  The Court having reviewed the Motion and the record, and having heard proffers and oral argument of counsel at the hearing; and for the reasons stated by the Court at the hearing, it is

**ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to section 365(a) of the Bankruptcy Code, the rejection of all Leases listed on **Exhibit C** to the Motion is hereby approved, effective *nunc pro tunc* to the Petition Date, except the Ivy Quorum Lease of retail space located in Deerfield, Beach, Florida, which shall be deemed rejected effective as of September 13, 2017, and the leases with Brixmor Property Group, Inc., Federal Realty Investment Trust, Riverside Hamber Properties, LLC, Washington Prime Group, Inc., Weingarten Nostat, Inc. ("**WNI**"), WRI Retail Pool I, LLP ("**WRI Retail**"), Weingarten Realty Investors ("**WRI**"), IREIT Shreveport Regal Court, L.L.C. and Hart TC I-III, LLC (collectively, the "**Objecting Landlords**"), which shall be deemed rejected *nunc pro tunc* to August 6, 2017; *provided, however*, that to the extent WNI, WRI Retail or WRI file applications for payment of administrative expense claims, the Court will consider a rejection date of August 11, 2017 with respect to those leases, but WNI, WRI Retail and WRI will have the burden of proving (i) a detriment to the landlord during the period of August 6, 2017 through August 11, 2017 and (ii) a benefit to the Estates during such period.

42588489;6

3. Any personal property remaining on the Leased Premises as of the rejection date shall be deemed abandoned pursuant to the terms of the *Order Granting Expedited Motion* [ECF No. 80] *for Order Approving Abandonment of Certain Personal Property Located on Leased Non-Residential Real Property Rejected by the Trustee*.

4. Except as otherwise set forth herein, Objecting Landlords' rights, if any, to file claims for administrative rent or lease rejection damages pursuant to this Order are fully reserved, as are the rights of all parties in interest to object to such claims.

5. **Any proof of claim for damages arising from the rejection of the Leases must be filed with the Court on or before the latest of: (i) the time for filing a proof of claim pursuant to Bankruptcy Rule 3002(c); (ii) 30 days after the entry of this Order approving the rejection of the Leases; or (iii) 30 days after the effective date of the rejection of the Leases.**

6. Pursuant to the agreement between the Trustee and Ivy Quorum Property, LLC ("**IQP**"), the landlord of the Ivy Quorum Lease (no. 1 on **Exhibit C** to the Motion), (i) the Ivy Quorum Lease is hereby rejected as of September 13, 2017, (ii) IQP hereby authorizes the Trustee to hold an auction to sell the personal property located at the premises on a date not later than September 13, 2017 in accordance the motion to retain an appraiser, sell assets and for related relief filed in this case at ECF Doc. No. 104, (iii) IQP is allowed an administrative expense claim in the amount of accrued per diem rent from the Petition Date through September 13, 2017 aggregating $17,595.77 (the "**IQP Administrative Expense Claim**"), which shall be paid, provided no objections are received pursuant to paragraph 7 hereof, to IQP by the Trustee within thirty (30) days after entry of this Order, and (iv) IQP reserves its right to file a lease rejection damage claim pursuant to the terms of paragraph 5 of this Order.

7. **Any interested party who fails to file and serve a written response the payment of the IQP Administrative Expense Claim within fourteen (14) days of the date of this Order shall be deemed to have consented to the payment of the IQP Administrative Expense Claim without further notice or hearing.**

8. Pursuant to the agreement between the Trustee and Creekside Holdings, Inc. ("**Creekside**"), the landlord of the Creekside Town Center lease (no. 55 on **Exhibit C** to the Motion) (the "**Creekside Lease**"), (i) the Creekside Lease is hereby deemed rejected as of Petition Date, (ii) the Trustee is hereby deemed to have tendered immediate possession of the leased premises to Creekside, effective as of the Petition Date, (iii) the Trustee is deemed to have abandoned to Creekside any property remaining on the premises, effective as of the Petition Date, (iv) Creekside hereby waives any rights to pursue an administrative claim against the bankruptcy estates for post-petition rent; and (v) Creekside reserves its right to file a lease rejection damage claim pursuant to the terms of paragraph 5 of this Order.

9. Pursuant to the agreement between the Trustee and LBA Realty LLC ("**LBA**"), the landlord of lease of the property located at 9240 Clairemont Mesa Blvd., San Diego, CA (no. 7 on **Exhibit C** to the Motion) (the "**San Diego Lease**"), (i) the San Diego Lease is hereby deemed rejected as of Petition Date, (ii) the Trustee is hereby deemed to have tendered immediate possession of the leased premises to the LBA, effective as of the Petition Date, (iii) the Trustee is deemed to have abandoned to LBA any property remaining on the premises, effective as of the Petition Date, (iv) the Trustee hereby releases any claim to any security deposit held by LBA, (v) LBA is hereby immediately authorized to apply any security deposit to any prepetition debt owed to it by the Debtors, pursuant to 11 U.S.C. § 553, and to the extent applicable, relief from the automatic stay is granted to allow LBA to effectuate set-off described

above, and the fourteen-day stay of an order authorizing stay relief is hereby waived, and (vi) LBA hereby releases any and all claims against the bankruptcy estates, whether known or unknown, pre-petition or post-petition, administrative or otherwise.

10. The Trustee shall promptly serve a copy of this Order on all counterparties to the Leases as required by the terms of each respective Lease.

11. The Court hereby retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

# # #

Submitted by:

D. Brett Marks, Esq.
**AKERMAN LLP**
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
Tel:  954-463-2700
brett.marks@akerman.com

D. Brett Marks is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.